This is a suit for refund of federal income taxes. The issues relate to deductions and credits covering farm operations that plaintiffs took on their 1973 and 1974 federal income tax returns. The District Director of Internal Revenue disallowed these deductions and credits and assessed additional taxes, on the ground that the plaintiffs’ farming activities were "not engaged in for profit” within the meaning of section 183 of the Internal Revenue Code of 1954, 26 U.S.C. § 183. Plaintiffs contend that the District Director’s actions were improper and seek recovery of the additional taxes they paid pursuant to the assessments.
Section 7422 of the Code, 26 U.S.C. 7422, provides that no suit for the recovery of any tax may be maintained "until a claim for refund or credit has been duly filed with the Secretary [of the Treasury] * * The defendant has moved to dismiss this suit on the ground that the plaintiffs’ petition does not allege that they have filed a claim for refund of the taxes which they are here seeking to recover. It points out that the plaintiffs would not be prejudiced by such a dismissal, since the 2-year period under section 6511(a) of the Code for filing a claim for refund has not expired. That section permits a claim for refund to be filed within 2 years after payment of the tax, which occurred in December 1977. The plaintiffs have not responded to *710 defendant’s motion or amended their petition to allege that they have filed claims for refund.
The defendant’s motion is well taken. Unless a claim for refund has been filed, we have no jurisdiction to entertain a refund suit. See Sun Chemical Corp. v. United States, 218 Ct.Cl. 702 (1978).
The defendant’s motion to dismiss is granted, and the petition is dismissed.